UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY A. HART,
    Plaintiff,

vs.                                            Case No.: 3:22cv3818/MCR/EMT

LT. RUDOLPH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Polk County Jail (Jail) proceeding pro se, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Upon review of the complaint, it is apparent venue is not proper in the Northern District. Accordingly, this case should be transferred.

As mentioned, Plaintiff is an inmate of the Polk County Jail (*see* ECF No. 1 at 3). Plaintiff names the Polk County Sheriff's Department, "Department of Detention," and four individual officers/employees of the Polk County Jail-South as Defendants (*id.* at 1). Plaintiff asserts Eighth Amendment claims against Defendants and seeks monetary damages for the alleged constitutional violations (*id.* at 2–3).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion. *Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns*, 689 F.2d. 982, 985 (11th Cir. 1982). Such transfers may be made sua sponte by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

The judicial district for the Northern District of Florida has no relation to the litigation at issue. The acts or occurrences forming the basis of the complaint occurred in Polk County, Florida, which is located in the Middle District. All of the parties reside in the Middle District. Indeed it appears Plaintiff may have intended to file the complaint in the Middle District court.[1] Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Northern District. Therefore, in the interest of justice, this action should be transferred to the Middle District of Florida.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Middle District of Florida.

2. That the clerk of court be directed to close the file in this case.

At Pensacola, Florida, this 15th day of March 2022.

---

[1] Although Plaintiff mailed the complaint to the Northern District court, he styled the complaint for the Middle District (*see* ECF No. 1 at 1). But even if Plaintiff chose the Northern District, his choice is entitled to less consideration than a plaintiff's choice is ordinarily afforded, because the operative facts underlying the cause of action did not occur in the Northern District. *See Windmere Corp. v. Remington Prods, Inc.,* 617 F. Supp. 8, 10 (S.D. Fla. 1985) ("[W]here the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration.") (citations omitted).

Case No.: 3:22cv3818/MCR/EMT

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:22cv3818/MCR/EMT